WOODBRIDGE *against* SKINNER.

Where *A*, having a promissory note against *B*, received from *B* a new note, in exchange for, and in full satisfaction and discharge of, the former note, without delivering up such former note, and then brought a suit on the new note; it was held, that he was not precluded from a recovery, in consequence of his retaining the former note.

THIS was an action on a promissory note; tried at *Brooklyn*, *January* term, 1842, before *Waite*, J. The plaintiff had a verdict; and the defendant moved for a new trial. The facts in the case and the ground of the motion sufficiently appear in the opinion of this court. The case was submitted without argument.

HINMAN, J. This case has not been argued; but upon a careful examination of the motion, it is difficult to perceive any question which could have been raised, except the question of fact, which was very properly submitted to the jury, and found by them for the plaintiff.

On the trial below, the plaintiff produced his note, and proved its execution. The defendant attempted to prove,

that he never delivered the note to the plaintiff ;—that it came irregularly and unlawfully into his possession ;—that it was not to have been delivered, until a certain other note held by him, was given up to the defendant.    In answer to the defendant's evidence, the plaintiff introduced evidence tending to show, that the note in suit was a substitute for, and renewal of, another note of the same tenor, against the same parties, but of an earlier date ; and he claimed to the jury, that he had proved that such was the fact.

Upon these conflicting claims, the court submitted the question to the jury, in a light as favourable to the claims of the defendant as the case would seem to justify ; and then said to them, that if the plaintiff received the last note in exchange for, and in full satisfaction and discharge of, the previous one, he was not precluded from a recovery, in consequence of not having delivered to the defendant the former note.

Surely, it will not be seriously contended, that the mere fact that the plaintiff had two notes in his possession, at the same time, the one given for and a mere renewal of the other, will prevent him from recovering upon the one which the jury find to be due, especially when, as in this case, he produces both at the trial, and only claims to recover the amount admitted to be due upon one of them.

The motion for a new trial must be denied.

In this opinion the other Judges concurred, except CHURCH, J., who was not present.

New trial not to be granted.